**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN ALEXANDER WAGNER, #371-133 | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| *v*. | * | Civil Action No. ELH-16-98 |
| | * | |
| BRIAN G. IAMES, *et al.* | * | |
| | * | |
| *Defendants*. | * | |
| | *** | |

**MEMORANDUM**

The United States Court of Appeals for the Fourth Circuit remanded this case on April 6, 2018 (ECF 62), for the limited purpose of allowing the District Court to determine whether plaintiff-appellant John Alexander Wagner, a State of Maryland prisoner, noted a timely appeal to the Fourth Circuit with respect to the disposition of this civil rights suit.

No hearing is necessary to resolve the matter. *See* Local Rule 105.6. For the reasons that follow, I conclude that the appeal is untimely.

## I. Factual and Procedural Background

### A.

John Alexander Wagner was an inmate at the North Branch Correctional institution ("NBCI") in Cumberland, Maryland.[1] He filed a § 1983 civil rights action against multiple defendants, asserting numerous claims, including use of excessive force; failure to protect from harm; denial of adequate medical care; denial of due process; and retaliation. *See* ECF 1; ECF 1-1; ECF 1-2; ECF 1-3; ECF 1-4.

[1] In January 2018, Wagner was transferred to a correctional facility in Illinois, pursuant to the "ICC." ECF 61. As noted, *infra*, it was Mr. Wagner who sought the out-of-state transfer, as part of the settlement of this case and the case of *Wagner v. Beachy*, ELH-14-791.

In a Memorandum Opinion (ECF 44) and Order (ECF 45) of February 27, 2017, I addressed dispositive motions filed by the various defendants.[2] Of relevance here, I granted the summary judgment motion (ECF 26) filed by defendant Janette Clark, N. P., awarding summary judgment in her favor with respect to Wagner's claim of inadequate medical care. *See* ECF 45, ¶ 1. In addition, defendants Warden Frank B. Bishop, Jr.; Lt. Bradley A. Wilt; Sgt. Brian G. Iames; C.O. II Dean W. Rounds, Sr.; C.O. II Cody W. Gilpin; and C.O. II Warren G. Mallow ("State Defendants") moved in the alternative to dismiss or for summary judgment. ECF 33. Construing the motion as a motion to dismiss, I granted it as to Wilt. ECF 45, ¶ 2. With respect to Wagner's due process claim, I construed the motion as one to dismiss and granted it as to defendants Bishop, Gilpin, Rounds, Iames, and Mallow, without prejudice to Wagner's right to file an amended complaint. *Id.* ¶ 5. With respect to Wagner's excessive force claim, I construed the motion as one for summary judgment, and denied summary judgment as to Gilpin, Rounds, and Mallow. *Id.* ¶ 6. However, I granted summary judgment in favor of Iames and Bishop. *Id.* In regard to Wagner's failure to protect claim, I denied summary judgment as to Mallow and Iames, but granted summary judgment in favor of Gilpin, Rounds, and Bishop. *Id.* ¶ 7. As to Wagner's claim of retaliation, I denied summary judgment as to Gilpin, Rounds, Iames, and Mallow, but granted summary judgment in favor of Bishop. *Id.* ¶ 8. And, with respect to Wagner's claim of inadequate medical care, I granted summary judgment in favor of Bishop, Gilpin, Rounds, Iames, and Mallow. *Id.* ¶ 9.

In light of my rulings, I also granted Wagner's motion for appointment of pro bono counsel. ECF 45, ¶ 11. By Order of March 7, 2017, Aidan Smith, Esquire was appointed to

[2] I incorporate here the factual summary set forth in my Memorandum Opinion of February 27, 2017. *See* ECF 44 at 1-26.

represent Wagner. ECF 46.

Smith filed an Amended Complaint on behalf of Wagner on April 19, 2017. ECF 47. The Amended Complaint included all of the remaining defendants, certain defendants who had been named in the original Complaint but who were never served, and two entirely new defendants. The defendants who had been named initially but not served were Nicolas Soltas, Corey Dolley, and Christopher Anderson.[3] The new defendants were Earl Ritchie and Brandon Self. Nurse Clark was not named as a defendant in the Amended Complaint.

Iames, Rounds, Gilpin, and Mallow filed an Answer to the Amended Complaint on May 17, 2017. ECF 50. Soltas, Dolley, Ritchie, Self, and Anderson answered on June 6, 2017. ECF 52.

At the same time that Wagner was involved in the litigation of this case, he was also involved in the litigation of another civil rights case that was assigned to me: *Wagner v. Beachy*, ELH-14-791 ("Beachy"). *Beachy* involved approximately 50 defendants. *See Beachy*, ECF 82 (Memorandum Opinion of March 19, 2015); ECF 139 (Memorandum Opinion of March 8, 2016). In December 2016, I appointed Nicholas Szokoly, Esquire to serve as Wagner's pro bono counsel in *Beachy*. *See* ECF 153; ECF 154.

Of relevance here, a writ of habeas corpus was issued to the Warden of NBCI on June 19, 2017, commanding the presence of Wagner at a settlement conference to be held in the federal courthouse in Baltimore on June 28, 2017, before Magistrate Judge Stephanie Gallagher. The writ is docketed only in *Beachy*. *See* ELH-14-791, ECF 166; ECF 167. The docket in *Beachy* reflects that Judge Gallagher conducted a settlement conference on that date.

[3] In ECF 1-1, Wagner had named Soltas, Dolley, and Anderson, as well as Gregg Hershberger and Colin Ottey, M.D., but they were never served. *See* ECF 44 at 1 n.1. Hershberger and Ottey were not included as defendants in the Amended Complaint.

I received an email from Judge Gallagher at 12:36 p.m. on June 28, 2016, advising that both *Beachy* and this case had been settled.[4] The email specifically referenced both ELH-14-791 and ELH-16-0098. Judge Gallagher stated, in part: "I held a settlement conference in the first case today [i.e., *Beachy*] and we wound up settling both of them, so you can issue two Rule 111 orders."

Upon receipt of that email from Judge Gallagher, I issued a Settlement Order on June 28, 2017, for each case, under Local Rule 111, dismissing both this case and the *Beachy* case. *See* ELH-16-98, ECF 54; ELH-14-791, ECF 168. Of import here, the dismissals were without prejudice to the right of any party to move for good cause to reopen either action within 30 days. *Id.* No such motion was ever filed. *See* Docket.

On August 15, 2017, after this Court issued the Rule 111 orders, Smith sent two settlement agreements and mutual releases to Wagner. ECF 68-2. On August 31, 2017, the Court received from Mr. Wagner a copy of his letter to Smith, referencing the settlement agreements. ECF 55. The content of the undated letter indicates that Wagner wrote the letter on August 15, 2017, in response to the letter from Smith. *Id.* at 1.

In particular, Wagner complained to Smith about certain "discrepancies" in the settlement terms, and said that he "chose to set aside any and all settlement agreements." *Id.* at 2. Wagner acknowledged that his lawyer had stated "that there were no grounds to do so," but Wagner expressed his disagreement with that view. *Id.* Wagner noted that he wanted defendants to pay costs, he wanted an ICC transfer (*id.* at 2), and he "decline[d] to sign [the settlement agreement] and am returning to you." *Id.* at 3. Wagner concluded: "Whereas, the plaintiff, John A. Wagner

[4] The email is available for inspection, if requested. However, because it is an internal court communication, I have not attached it.

does not agree to the terms set therein the Settlement/Mutual Release Agreement and therefore wish to set aside said agreement, and wish to proceed with a jury trial." *Id.* at 3.

Months later, on December 8, 2017, the Clerk received for docketing a "Notice Of Appeal" from Wagner. ECF 56. The envelope containing the Notice Of Appeal is docketed at ECF 56 at 5. The date stamp on the back of the envelope reflects that it was processed by NBCI as "Outgoing Inmate Mail" on December 6, 2017. *Id.* Although the Notice Of Appeal was not received by the Clerk until December 8, 2017, it was purportedly signed by Wagner on June 29, 2017. *Id.* at 1. Wagner specifically stated that he was appealing "from the Order Granting Summary Judgment to Medical Defendant Janette Clark, N.P. . . . ." *Id.* *See* ECF 45.

Two certificates of service are attached to the Notice Of Appeal, each purportedly dated June 29, 2017. As to the first Certificate of Service (*id.* at 2), Wagner "certif[ied]" that on June 29, 2017, the Notice Of Appeal was "mailed to the Office of the Attorney General, counsel for Defendants[.]" The second Certificate of Service (*id.* at 3) stated that the Notice Of Appeal was "mailed postage prepaid to the following: Gina M. Smith, Esq. [counsel for Nurse Clark] . . . Thomas F. Dernago, Asst. Att. General/Stephanie Lane-Weber, Asst. Att. General, . . . Aiden F. Smith, Esq. . . . [and] Nicholas Szokoly, Esquire . . . ."

Wagner included with the Notice Of Appeal a letter to the Clerk of this Court, dated December 4, 2017. ECF 56 at 4. There, Wagner stated, *inter alia*, that "a settlement agreement was reached *by all parties*" on June 28, 2017. *Id.* (emphasis added). However, he complained that it "has yet to be honored," as he had not yet received the settlement proceeds of $4,000. *Id.* And, he said, *id.*: "Additionally, plaintiff filed a Motion for Notice of Appeal on the above cases where it is or was in part granting judgment to defendants. However, that motion was never responded to . . . . Enclosed is an extra copy. . . ." *Id.*

On January 2, 2018, the Clerk docketed a copy of a letter from Wagner to Smith, dated December 22, 2017. *See* ECF 60. Wagner stated: "On June 28, 2017, *a settlement between the parties was reached* therefore plaintiff perceived that to be the final judgment in all proceedings." (Emphasis added). Wagner also stated, *id.*: "On June 29, 2017, plaintiff filed his notice of appeal regarding the grant of summary judgment . . . in favor of medical defendant Janette Clark . . . ."

On February 6, 2018, the Clerk docketed correspondence from Wagner, dated January 31, 2018, advising that Wagner had been transferred to an out-of-state penal institution, pursuant to the "ICC." ECF 61. Wagner also expressed his desire for the Maryland Attorney General to "forward the agreed upon [settlement] funds . . . with exigency." *Id.*

In a per curiam opinion issued on April 6, 2018 (ECF 62), the United States Court of Appeals for the Fourth Circuit remanded this case to the District Court for the limited purpose of determining the timeliness of Wagner's Notice Of Appeal. *Id.* at 3. The Fourth Circuit said: "Wagner submitted a notice of appeal dated June 29 but received by the district court after the expiration of the 30-day appeal period." *Id.* (citing Fed. R. App. P. 4(c)(1)). The Court also referenced Wagner's letter to the Clerk dated December 4, 2017, "in which Wagner asserted that he had received no response to a previously filed notice of appeal." *Id*.

The Fourth Circuit observed that because Wagner is incarcerated, his Notice Of Appeal is deemed filed on the date it was properly delivered to prison officials for mailing. Fed. R. App. P. 4(c)(1). But, it pointed out that "the record does not conclusively establish when Wagner submitted his notice of appeal to prison officials." *Id.* Therefore, it remanded the matter to this Court for further findings.

In response, I issued an Order of April 11, 2018 (ECF 63), directing Wagner "to provide a dated and signed Declaration or other notarized statement that attests to the date he deposited the Notice of Appeal in the institutional internal mail system and that postage was prepaid." *Id.* at 2. And, I directed counsel for the parties to "provide verified information to the court as to the date counsel received Wagner's Notice of Appeal", including "copies of prison mail logs or other relevant exhibits." *Id.* at 2-3. Additionally, I stated that "counsel for defendant Janette Clark may respond to Wagner's submissions." *Id.* at 3.

Coincidentally, by letter dated April 12, 2018, docketed April 20, 2018 (ECF 64), Wagner wrote to the Clerk, seeking the Court's "intervention" on his behalf.[5] Wagner indicated that on June 28, 2017, "the 'parties' decided and entered a settlement agreement and mutual release." *Id.* Further, he represented that on January 25, 2018, he executed the settlement agreement and returned it to Nicholas Szokoly, pro bono counsel for plaintiff in *Beachy*. *Id.* But he complained that he "has yet to receive" the money due and owing to him under the settlement agreement.

In response to Wagner's letter (ECF 64), I issued an Order of April 24, 2018 (ECF 67), directing counsel for defendants to respond to Wagner's assertion as to the alleged breach of the settlement agreement. The State responded on May 24, 2018. ECF 71. It denied a breach, and explained the reasons for its delay in issuing the settlement funds to Wagner. *Id.*

Wagner filed additional correspondence docketed on June 4, 2018 (ECF 72), reiterating that on June 28, 2017, "all parties in the above actions" reached a settlement in both this case and in *Beachy* and that he had signed the settlement agreement on January 25, 2018. Further, he

[5] When Wagner wrote his letter of April 12, 2018, he would not yet have received this Court's Order of April 11, 2018.

stated that funds were to be transferred to him within 30 days of execution of the agreement, and at that time the case would be dismissed. He maintained that defendants breached the terms of the settlement agreement. *Id.*

Smith, Wagner's pro bono attorney in this case, responded on April 24, 2018 (ECF 65) to the Court's Order of April 11, 2018 (ECF 63). According to Smith, when his law office receives mail, his legal assistant, Christine Ward, scans it to create a digital copy. *Id.* Then, Ward emails a digital copy of the mail to Smith. *Id.* Ward also stores the digital copy of the mail in a "document management system." *Id.* Of import, Smith stated, *id.* at 1-2: "Based upon discussions with Mrs. Ward and a review of the document management system, it appears that [Smith] received the Notice of Appeal that is docketed as ECF No. 56 on or about December 11, 2017, when it was sent by the Court's Electronic Filing System." Notably, Smith "does not have a record of receiving the Notice Of Appeal by any other means." *Id.* at 2. In other words, notwithstanding Wagner's certificate of service claiming a copy of the Notice Of Appeal was mailed on June 29, 2017, Smith never received it.[6]

Christine Ward also provided an Affidavit. ECF 65-2. She averred, *id.*, ¶ 5: "I have reviewed the document management system, and my emails. Based upon that review, I have determined that the Notice of Appeal that is docket[ed] as ECF No. 56 [*i.e.*, the appeal docketed on December 8, 2017], was not received by mail."

The Court received the Declaration of Gina Smith, Esquire, counsel for Nurse Clark, on April 24, 2018. *See* ECF 66. Ms. Smith stated, *id.* at 1, ¶ 2: "The only notice of appeal received by [Ms. Smith] in this matter was on December 8, 2017, via U.S. mail postmarked December 6,

[6] Smith also stated that he does not represent Wagner "with respect to any appellate matter" or as to "the issues presently before this Court on remand." *Id.* ECF 65 at 1.

2017[.]" Ms. Smith noted that the "NBCI outgoing mail date was also December 6, 2017." *Id.* (citing ECF 66-1 at 6).

On April 30, 2018, the Clerk docketed a "Writ of Mandamus" filed by Wagner (ECF 68), along with exhibits (ECF 68-2) and the Declaration of Wagner, dated April 24, 2018. *See* ECF 68-1. In ECF 68, Wagner again referenced the settlement agreement of June 28, 2017, and his execution of the settlement documents on January 25, 2018. He expressed his view that the case is "open" until the settlement funds are paid.

In his Declaration, Wagner reiterated that he filed his appeal on June 29, 2017, and that "postage was prepaid therewith." ECF 68-1 at 1, ¶ 5. Additionally, Wagner stated that "copies" of the Notice Of Appeal "were sent to all parties and that NBCI records should depict [Wagner's] allegations as well as counsel." *Id.* ¶ 7. Wagner also averred that he "submitted 3 correspondences clarifying his Notice Of Appeal was for the Honorable Court's grant of summary judgment in part against him in favor of medical defendant Janette Clark." *Id.* ¶ 8. And, Wagner attested to having "submitted several letters to counsel, this Honorable Court, and the Appeals Court for the Fourth Circuit explaining [his] Notice Of Appeal." *Id.* ¶ 11.

On May 9, 2018, Assistant Attorney General Stephanie Lane-Weber filed a response to the Order of April 11, 2018. ECF 70. She provided the Declaration of Maria Welker, Management Associate for the Correctional Litigation Division of the Office of the Attorney General, dated May 9, 2018 (ECF 70-1), and the Declaration of Correctional Officer II D. Bennett, dated May 8, 2018. ECF 70-2.

Welker averred that, as the Management Associate for the Correctional Litigation Division of the Office of the Attorney General, she is "responsible for making and maintaining records about all incoming legal mail." ECF 70-1 at 1, ¶ 2. According to Welker, "each

incoming document filed in any court is noted in the [Office of the Attorney General] mattertracker program." *Id.* Further, Welker stated that she had reviewed the "mattertracker program" as to Wagner's case. *Id.* ¶ 3. According to Welker, *id.*: "Wagner's Notice of Appeal, although dated June 29, 2017, was received on December 8, 2017 in the Correctional Litigation Division as an electronic document, ECF No. 56, filed in this Court. According to the . . . mattertracker program, no other Notice of Appeal was received in this case."

In his Declaration (ECF 70-2), Correctional Officer Bennett stated that he is "assigned to the North Branch Correctional Institution (NBCI) mail room" and that he is "familiar with . . . the procedures for processing in-coming and out-going inmate mail." *Id.* at 1, ¶ 2. In particular, Bennett averred, *id.* ¶ 3:

> NBCI mail room staff keeps a record in a log as to outgoing legal mail only if it is certified mail; non-certified outgoing legal mail is not recorded by the NBCI mail room staff. Indigent inmates' mail is not certified. Records disclose that inmate John Alexander Wagner was indigent on June 29, 2017. Indigent inmate mail is logged and there is no record of inmate Wagoner [sic] sending any indigent mail on June 29, 2017.

Additionally, Bennett "reviewed the NBCI mail log for outgoing certified mail for June 29, 2017." *Id.* ¶ 4. Significantly, he stated: "Wagner sent out no certified mail from the NBCI mail room on June 29, 2017." *Id.*

By Order of June 11, 2018 (ECF 73), I asked counsel in this case to confirm that the settlement conference held on June 28, 2017, included this case as well as the *Beachy* case. ECF 73. And, I asked counsel to confirm Wagner's presence at that conference. *Id.*

Aidan Smith, pro bono counsel for Wagner in this case, responded on June 11, 2018. ECF 74. He advised that it was "anticipated" that this case would be part of the settlement conference. However, he did not attend the conference. Rather, Nicholas Szokoly, Wagner's pro bono attorney in *Beachy*, attended and was in telephone contact with Smith during the

settlement conference. *Id.* Smith was advised that Wagner was present, and Szokoly informed Smith that settlements were reached in both *Beachy* and this case. *Id.* He also claims that Szokoly advised him that it was a "full, final" settlement, with prejudice, "which would include Janette Clark," and that "Wagner understood" the finality of the settlement. *Id.*

Gina Smith, counsel for Nurse Clark, advised that she did not participate in settlement discussions. This is because judgment had been entered in favor of Clark on February 27, 2017. ECF 75.

The State's response is at ECF 76. Assistant Attorney General Stephanie Lane-Weber advised that the State was represented at the conference by former Assistant Attorney General Thomas Dernoga. *Id.* She stated that, according to Dernoga, both *Beachy* and this case were settled. But, Dernoga was not involved in a discussion as to Nurse Clark.

At the Court's request (ECF 77), Mr. Wagner also responded. *See* ECF 78. He disputes that he understood that the settlement included Nurse Clark. Wagner asserts, *id.*: "I was clearly under the impression Mrs. Clark had nothing to do with the June 28, 2017 proceedings as Mrs. Clark was granted summary judgment . . . ." He adds, *id.* at 2: "Plaintiff only seeks that this Honorable Court orders that the agreed upon [settlement] funds be placed in his inmate account without further delay . . . ." In addition, Wagner posits, *id.*: "Furthermore, the appeal should proceed unless defendant Clark . . . wishes to also enter [her] own settlement agreement . . . ."

At the time of the settlement, this Court was not privy to the terms. However, Mr. Wagner and counsel have provided the Court with unsigned copies of the settlement agreement in this case. *See* ECF 68-2; ECF 71-1 at 5-8. The mutual release listed the defendants who were named in the Amended Complaint. Nurse Clarke is not included. However, under the terms of the settlement agreement, Wagner agreed to dismiss his "action." ECF 68-2 at 2, ¶ 1. Wagner

also agreed to discharge "all Defendants . . . ." (*id.* at 3, ¶ 2), in exchange for monetary compensation. *Id.*, ¶ 1(a). The State also agreed to make an effort to transfer Wagner to another state, pursuant to the ICC. *Id.*, ¶ 1(c). That has been accomplished.

Finally, the Court held a telephone conference with counsel for the State, Clark, and Wagner on June 26, 2016, to inquire as to the status of the settlement. Smith appeared for Wagner; Szokoly, the attorney for Wagner in *Beachy*, was unable to participate.

Counsel for the State Defendants advised that there was a delay in signing the Settlement Agreement by the Department of Public Safety and Correctional Services because of Mr. Wagner's appeal. And, in any event, Mr. Wagner only signed off in late January 2018, and the process of obtaining a check from the Department of Budget and Management takes a period of time. The check has, however, been delivered to Szokoly.

Smith stated that he has conferred with Szokoly and was advised that Szokoly is in possession of the settlement proceeds for Wagner. However, Smith reported that Szokoly has encountered difficulty in distributing the proceeds, because Wagner was transferred to an Illinois facility. According to Smith, Szokoly has had "trouble navigating" the process.[7]

Counsel for Nurse Clark advised that her lawyer had no knowledge of the settlement conference with Judge Gallagher. Thus, Ms. Clark was not represented at it.

## III. Discussion

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203 (1988). As a general matter, the notice of appeal in a civil case "must be filed

[7] In the near future, this Court will contact counsel to assure successful distribution of the settlement proceeds to Mr. Wagner.

with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).

Fed. R. App. P. 4(c) governs appeals by inmates who are incarcerated. When, as here, an appeal is filed by a prisoner, the notice of appeal is deemed timely filed if the inmate delivers it to the institution's "internal mail system" by the due date for filing. Fed. R. App. 4(c)(1). *See Houston v. Lack*, 487 U.S. 266 (1988). Rule 4(c)(1) states, *id.*:

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
>
> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Additionally, 28 U.S.C. § 1746 states, in part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

*     *     *

> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".[ 8]

As indicated, on June 28, 2017, upon notification that this case had settled, I dismissed the case by Order of June 28, 2017. ECF 54. Therefore, Wagner was required to deliver the Notice of Appeal to the NBCI "internal mail system" on or before July 28, 2017.

Wagner asserted in ECF 56 at 2, 3 that he sent the Notice Of Appeal (referred to as a "motion") by mail, postage prepaid, on June 29, 2017. In Wagner's Declaration of April 24, 2018 (ECF 68-1), he maintains "that on June 29, 2017 [he] filed a Notice Of Appeal" and that "postage was prepaid[.]" *Id.*, ¶ 5. Additionally, he avers that "copies" of the Notice Of Appeal "were sent to all parties and that NBCI records should depict [Wagner's] allegations . . . ." *Id.* ¶ 7.

The Court is aware that, ordinarily, matters of credibility and disputes of fact cannot be resolved on the basis of the parties' written submissions. But, this precept applies to genuine disputes of fact.

Correctional Officer Bennett avers that the NBCI mail room maintains a log of outgoing legal mail for indigent prisoners, and "there is no record" of Wagner "sending any indigent mail" or "certified mail from the NBCI mail room on June 29, 2017." ECF 70-2 at 1, ¶¶ 3-4. Notably, although Wagner claims that he mailed his Notice Of Appeal on June 29, 2017, neither this Court nor any of the lawyers ever received Wagner's Notice Of Appeal until it was filed on

---

[8] Wagner did not certify under penalty of perjury that the contents were mailed to counsel on June 29, 2017. *See* ECF 56 at 2-3; 28 U.S.C. § 1746(2).

December 8, 2017. ECF 56.

Wagner's pro bono counsel, Smith, avers that he "received the Notice of Appeal that is docketed as ECF No. 56" "on or about December 11, 2017," when it was docketed by the Court's Electronic Filing System. ECF 65 at 1-2; *see also* ECF 65-2, ¶¶ 5-6. Additionally, Gina Smith, counsel for Nurse Clark, avers that "[t]he only notice of appeal received by [her] in this matter was on December 8, 2017, via U.S. mail postmarked December 6, 2017[.]" ECF 66. Moreover, Welker declared that "Wagner's Notice of Appeal, although dated June 29, 2017, was received on December 8, 2017 in the Correctional Litigation Division as an electronic document, ECF No. 56, filed in this Court. According to the . . . mattertracker program, no other Notice of Appeal was received in this case." ECF 70-1 at 1, ¶ 3.

And, of particular import, the fact that a settlement agreement was reached on June 28, 2017, one day before Wagner claims to have filed the appeal, belies Wagner's assertion that he filed an appeal on June 29, 2017. To be sure, Wagner disputes that the settlement reached on June 28, 2017, pertained to Nurse Clark, who prevailed on summary judgment in February 2017. *See* ECF 44; ECF 55. Yet, Wagner has repeatedly acknowledged that a settlement was reached on June 28, 2017, as to all parties, and he agreed to a dismissal of the "action." It seems most unlikely that every lawyer involved in this case and *Beachy* would have remained silent in the face of an appeal supposedly filed by Wagner one day after the settlement was reached. If Wagner filed his appeal on June 29, 2017, as he claims, surely one of the lawyers would have raised the matter, either with Judge Gallagher, this Court, Wagner, and/or Clark's attorney.

Furthermore, in his correspondence about the settlement agreement, Wagner never indicated that it did not include Clark. For example, in Wagner's letter to the Clerk dated December 4, 2017 (ECF 56), he stated: "On June 28, 2017, a settlement agreement was reached

by *all parties*, part of said agreement was defendants were to turn over an agreed upon sum of $4,000."  *Id.* at 4 (emphasis added).  He complained that the "agreement has yet to be honored" by the defendants.  *Id.* at 4.  And, Wagner asked for the Court's "intervention at its earliest convenience."  *Id.*

Clark's name is not specifically mentioned in the mutual release.  It is noteworthy that Wagner agreed to dismiss the entire case.  It is not plausible that the parties intended to leave the case unresolved as to one nurse.

Additionally, no request was ever made to reopen the case because of a dispute as to the terms of the settlement, as permitted by Local Rule 111.  Counsel certainly could have done so if they were aware of any alleged ambiguity as to the scope of the settlement.

**III.  Conclusion**

I conclude that Wagner belatedly lodged his appeal because he believes defendants failed to honor the terms of the settlement agreement.  In my view, Wagner's Notice of Appeal was untimely filed.

An Order follows.

Date: June 26, 2018

/s/
Ellen Lipton Hollander
United States District Judge